1  Stephen M. Doniger, Esq. (SBN 179314)
   Email: stephen@donigerlawfirm.com
2  Scott A. Burroughs, Esq. (SBN 235718)
   Email: scott@donigerlawfirm.com
3  Trevor W. Barrett (SBN 287174)
4  Email: tbarrett@donigerlawfirm.com
   DONIGER / BURROUGHS
5  603 Rose Avenue
6  Venice, California 90291
7  Telephone: (310) 590-1820
   Attorneys for Plaintiff
8
                    **UNITED STATES DISTRICT COURT**
9
                    **CENTRAL DISTRICT OF CALIFORNIA**
10

11 | STANDARD FABRICS INTERNATIONAL, INC., a California Corporation, | Case No.: |
12 | | |
13 | Plaintiff, | PLAINTIFF'S COMPLAINT FOR: |
14 | | 1. COPYRIGHT INFRINGEMENT; |
15 | vs. | 2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT |
16 | RAINBOW USA, INC., a New York Corporation; MANGEL STORES, CORP., a New York business entity of form unknown; and DOES 1-10, | |
17 | | Jury Trial Demanded |
18 | | |
19 | Defendants. | |
20

21

22   Plaintiff STANDARD FABRICS INTERNATIONAL, INC. (hereinafter

23 "STANDARD"), by and through its undersigned attorneys, hereby prays to this

24 honorable Court for relief based on the following:

25                    **JURISDICTION AND VENUE**

26   1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101

27 *et seq*.

28
                                 1
                             COMPLAINT

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff STANDARD FABRICS INTERNATIONAL, INC. ("STANDARD") is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

5. Plaintiff is informed and believes and thereon alleges that Defendant Rainbow USA, Inc. ("Rainbow") is a corporation organized and existing under the laws of the State of New York with its principal place of business at 1000 Pennsylvania Avenue, Brooklyn, NY 11207, and is doing business in and with the State of California.

6. Plaintiff is informed and believes and thereon alleges that Defendant Mangel Stores, Corp. ("Mangel") is a business entity of form unknown organized and existing under the laws of the State of New York with its principal place of business located at 115 West 18th Street, New York, New York 10011.

7. Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants DOES 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this First

Amended Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO 7851

9. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design Plaintiff's Internal Design Number 7851 ("Subject Design"). This artwork was a creation of Plaintiff and/or Plaintiff's design team, and is, and at all relevant times was, owned in exclusively by Plaintiff.

10. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

11. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

12. Following this distribution of product bearing the Subject Design, Plaintiff learned that Rainbow, Mangel, and certain Doe Defendants created, imported, manufactured, caused to be manufactured and/or otherwise distributed, sold, and/or distributed garments and/or fabric featuring unauthorized reproductions of the Subject Design or designs which are substantially similar to the Subject Design

(hereinafter "Infringing Product "). Said garments include but are not limited to garments sold by:

    a. Rainbow under SKU 002-080-2260 and bearing labeling indicating that it was manufactured by or for Mangel.

    b. Rainbow under SKU 002-081-0883 and bearing labeling indicating that it was manufactured by or for Mangel.

13. A comparison of Subject Design (left), and a sample Infringing Product (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the design are substantially similar:



Subject Design      Sample Infringing Product

///

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against All Defendants, and Each)

14. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

15. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) access to garments manufactured with fabric lawfully printed through Plaintiff.

16. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured an unauthorized print design that was identical or substantially similar to the Subject Design.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through a network of retail stores and on-line outlets.

18. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

19. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendant's profits directly and indirectly attributable to Defendant's infringement of the Subject Design in an amount to be established at trial.

21. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement.  Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

22. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this First Amended Complaint.

23. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they

had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

25. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

26. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

27. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### *Against All Defendants*

28. <u>With Respect to Each Claim for Relief</u>
    a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

    b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

    c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

    d. That Plaintiff be awarded pre-judgment interest as allowed by law;

    e. That Plaintiff be awarded the costs of this action; and

    f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: October 20, 2015    By:    /s/ *Scott A. Burroughs*
    Scott A. Burroughs, Esq.
    Trevor W. Barrett, Esq.
    DONIGER / BURROUGHS
    Attorneys for Plaintiff
    STANDARD FABRICS INT'L, INC.