Stephen M. Doniger, Esq. (SBN 179314)
Email: stephen@donigerlawfirm.com
Scott A. Burroughs, Esq. (SBN 235718)
Email: scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
Email: tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
LOUIS S. EDERER (*Pro Hac Vice* pending)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* pending)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* pending)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Attorneys for Rainbow USA Inc.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAINBOW USA, INC.; MANGEL STORES, CORP.; and DOES 1-10,<br><br>Defendants. | Case No.: CV15-08218 (MWF) (KLSx)<br>*Honorable Michael W. Fitzgerald Presiding*<br><br>**JOINT RULE 26(f) REPORT**<br><br>Scheduling Conference: 12/21/2015<br>Time:                               11:00 a.m.<br>Courtroom:                     1600 – Spring St. |

- 1 -

JOINT RULE 26(f) REPORT

By and through their attorneys of record, who are set forth below, Plaintiff Standard Fabrics International, Inc. and Defendant Rainbow USA, Inc. have prepared and hereby submit this Joint Rule 26(f) Report following the conference of counsel required by Federal Rule of Civil Procedures 16(b) and 26(f), Central District Local Rule 26-1 and this Court's Order setting a Scheduling Conference. Defendant Mangel Stores, Corp. has not been served in this action and did not participate in the above-referenced conference of counsel.

## A. STATEMENT OF THE CASE

### Plaintiff's Contentions

Plaintiff is a Los Angeles-based design and fabric company. Plaintiff alleges that it creates and purchases the exclusive rights to two-dimensional works of art for use on textiles. By having original artwork consistent with market trends, Plaintiff creates a demand for its services. Plaintiff has alleged that Defendants have engaged in infringing activity by creating, importing, manufacturing, distributing, purchasing, selling, and/or transferring apparel and fabric which violates Plaintiff's copyrights in such proprietary textile design, entitled "7851" (the "Subject Design").

Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $100,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to $150,000 per instance of infringement.

### Rainbow's Contentions

Plaintiff Standard Fabrics International, Inc. ("Standard Fabrics") is a copyright troll. Standard Fabrics is in the business of acquiring (or purporting to acquire) rights in and to textile designs, which it did not itself design, and which has no intention of using in connection with the manufacture of apparel products or otherwise. Instead, Standard Fabrics purports to register such textile designs as its

own, either individually or in "collections," with the United States Copyright Office, and then employs investigators to scour apparel retailers for alleged infringements of these designs. Here, Standard Fabrics claims ownership of a two-dimensional artwork, which it refers to as 7851 (the "7851 Design"). Standard Fabrics further claims that the 7851 Design is included in a collection of two-dimensional artwork titled "Spring Summer 2014, Collection 1" (the "Spring Summer 2014 Collection"), which was allegedly registered with the United States Copyright Office.

Remarkably, Standard Fabrics has asserted ***the very same copyright infringement claim*** with respect to the 7851 Design against Rainbow and its supplier of the accused garments, non-party Louise Paris, Ltd. ("Louise Paris"), in an action that has been pending in the Southern District of New York since April 2015 — *Louise Paris, Ltd. and Rainbow USA Inc. v. Standard Fabrics International, Inc.*, Civil Action No. 1:15-cv-03250 (S.D.N.Y.) (PKC) (the "New York Action"). Rainbow and Louise Paris have produced documents and information in the New York Action concerning the accused garments identified in Standard Fabrics' Complaint. In other words, Standard Fabrics' commencement of this parallel action has been motivated by the bad faith goals of (1) hedging its claims in the New York Action, and (2) obtaining additional damages from Rainbow for an alleged infringement for which Standard Fabrics already seeks the maximum amount of statutory damages available under the Copyright Act. This type of "double dipping" is not permitted under and the law, and the commencement of this duplicative action is a waste of judicial resources. *See Uthe Tech. Corp. v. Allen*, 2013 WL 4805791, at *3 (N.D. Cal. Sept. 9, 2013) ("Under California law, '[a]n injured person is entitled to only one satisfaction of judgment for a single harm, and full payment of a judgment by one tortfeasor discharges all others who may be liable for the same injury.") (citing *Fletcher v. Cal. Portland Cement Co.*, 99 Cal. App. 3d 97, 99–100 (1979)); *Lintz v. Bank of Am., N.A.*, 2013 WL 5423873, at *5 (N.D. Cal. Sept. 27,

2013) (the single recovery rule, "designed to prevent double recovery and never-ending litigation by dissatisfied claimants, applies whether a single judgment has been obtained against joint or concurrent tortfeasors, whether separate judgments of equivalent or disparate amounts have been obtained against tortfeasors, or whether no other judgment has been obtained against other tortfeasors") (citations omitted).

Accordingly, this action should be dismissed or stayed pending the resolution of the New York Action.

## B. SUBJECT MATTER JURISDICTION

### Plaintiff's Contentions

This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 *et seq*. Accordingly, this Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

### Rainbow's Contentions

Rainbow does not contest this Court's subject matter jurisdiction over Plaintiff's copyright infringement claims (although it disputes the merits of such claims).

## C. LEGAL ISSUES

### Plaintiff's Contentions

The legal issues in this case involve Plaintiff's ownership of the copyright in Subject Design and Defendants' infringement thereof, including Defendants' access to Subject Design and the substantial similarity between Subject Design and the design of the Infringing Products. Secondary liability is at issue as well as direct liability for infringement. Legal issues concerning heightened damages for willful infringement are also present.

### Rainbow's Contentions

Rainbow believes that the key legal issues presented by Plaintiff's claims against it, and its defenses to such claims, are as follows:

1. Whether Plaintiff is the owner of the 7851 Design.

2. Whether the 7851 Design is an original work of authorship of Plaintiff's, or anyone else.

3. Whether Plaintiff's asserted copyright is valid and enforceable.

4. Whether Plaintiff's asserted copyright in the Spring Summer 2014 Collection individually protects the 7851 Design.

5. Whether Plaintiff engaged in fraud and/or deception in the copyright application process in connection with the Spring Summer 2014 Collection.

6. Whether Rainbow has infringed Plaintiff's Spring Summer 2014 Collection copyright.

7. Whether Rainbow's infringement, if any, of Plaintiff's Spring Summer 2014 Collection copyright was innocent.

8. Whether Rainbow's infringement, if any, of Plaintiff's Spring Summer 2014 Collection copyright was willful.

9. Whether Rainbow's infringement, if any, of Plaintiff's Spring Summer 2014 Collection copyright was *de minimis*.

10. Whether any of Rainbow's affirmative defenses bar, in whole or in part, Plaintiff's claims of infringement or request for damages.

11. Whether Plaintiff has sustained any injury or damage as a result of any act or conduct of Rainbow.

12. Whether any portion of Rainbow's net profit on the sale of the accused garments, if any, is attributable to the allegedly infringing design, as opposed to other factors, such as the styling of the garment itself.

13. Whether Plaintiff's request for damages from Rainbow in this action is preempted by its prior claim for damages with respect to the very same garments in the New York Action.

### D. PARTIES, EVIDENCE, etc.

The parties are Standard Fabrics International, Inc. ("Plaintiff" or "Standard") and Rainbow USA, Inc. ("Rainbow" or "Defendant").

Plaintiff's Contentions

Should Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Design, Plaintiff will move to add such entities as parties to this action.

Plaintiff has no parents, subsidiaries, or affiliates that are implicated in this litigation.

Rainbow's Contentions

Rainbow has no parents, subsidiaries, or affiliates that are implicated in this action. To the extent this action is not dismissed or stayed for the reasons set forth above, Rainbow's supplier of the accused garment, Louise Paris, intends to intervene in this action pursuant to Federal Rule of Civil Procedure 24.

### E. DAMAGES

Plaintiff's Contentions

Plaintiff estimates that recoverable damages, including without limitation Defendants' disgorgeable profits, Plaintiff's actual damages, attorneys' costs, and pre-judgment interest on its copyright claim are likely in excess of $100,000.00. Plaintiff may alternately elect statutory damages, which would amount to up to $150,000 per instance of infringement.

Rainbow's Contentions

Rainbow denies that Plaintiff has been damaged or is entitled to recover damages of any kind or in any amount in connection with this action.

### F. INSURANCE

Plaintiff's Contentions

- 6 -

JOINT RULE 26(f) REPORT

Plaintiff does not have insurance coverage for the claims at issue.

<u>Rainbow's Contentions</u>

Rainbow is unaware of any applicable insurance coverage for the claims asserted against it in this action.

### G. <u>MAGISTRATE JUDGE</u>

The Parties do not stipulate to the use of a magistrate judge unless specifically required under the applicable local rules.

### H. <u>MOTIONS</u>

<u>Plaintiff's Contentions</u>

Plaintiff may wish to move to add additional defendants should discovery reveal the involvement of currently unknown parties in the chain of infringement of Plaintiff's proprietary design. It is likely an initial round of discovery will need to be obtained in order to discern the identities of these defendants.

<u>Rainbow's Contentions</u>

As Plaintiff is aware, non-party Louise Paris supplied Rainbow with the accused garment, and Louise Paris was not named as a defendant in this action in a deliberate attempt to create a false differentiation between this action and the prior pending New York Action, which involves the very same accused garment.

Non-party Louise Paris intends to move to intervene in this action pursuant to Federal Rule of Civil Procedure 24. Thereafter, Rainbow and/or Louise Paris intend to seek the dismissal or stay of this duplicative action.

### I. <u>MANUAL FOR COMPLEX LITIGATION</u>

The Parties do not contemplate this case to invoke any part of the complex litigation manual; thus, the parties do not propose any modifications of the procedures set forth in that manual for this particular action.

### J. <u>STATUS OF DISCOVERY</u>

The parties have not yet engaged in any formal discovery.

- 7 -
JOINT RULE 26(f) REPORT

**K. DISCOVERY PLAN**

The parties anticipate using all discovery allowed under the Federal Rules, including depositions, requests for documents, interrogatories and requests for admissions, and entering into an appropriate stipulated protective order.

Plaintiff's Contentions

Plaintiff further anticipates seeking all electronically-stored sales and distribution information from Defendants, and each, including without limitation, sales receipts, store-by-store asset allocation and profits attributable to the product at issue.

Plaintiff further anticipates an initial round of written discovery comprised of Interrogatories and Requests for Production of documents to be propounded by the end of March, 2016. Follow-up written discovery and conferring over and otherwise resolving any discovery disputes should be completed by the end of July, 2016. Plaintiff also anticipates that each party, as well as third parties, will need to be deposed, and that said depositions shall take place after an initial round of written discovery. Plaintiff anticipates these depositions being taken between June, 2016 and August, 2016.

*See* Plaintiff's proposed dates in Exhibit A attached hereto for applicable discovery deadlines.

Rainbow's Contentions

Given that discovery has already been conducted with respect to the very same accused garment at issue in this action in the New York Action, Rainbow does not see the need for fact discovery to extend for eleven months, as proposed by Plaintiff.

*See* Rainbow's proposed dates in Exhibit A attached hereto for applicable discovery deadlines.

**L. DISCOVERY CUT-OFF**

*See* proposed dates in Exhibit A attached hereto for applicable discovery deadlines.

### M. EXPERT DISCOVERY

*See* proposed dates in Exhibit A attached hereto for applicable discovery deadlines

### N. DISPOSITIVE MOTIONS

Plaintiff's Contentions

Plaintiff anticipates filing a Motion for Partial Summary Judgment for liability as to Defendants for copyright infringement by the deadline for dispositive motions. Plaintiff also will not seek bifurcation.

*See* the attached Exhibit A for applicable motion deadlines.

Rainbow's Contentions

Rainbow and/or non-party Louise Paris intend to seek the dismissal or stay of this duplicative action.

### O. SETTLEMENT / ALTERNATIVE DISPUTE RESOLUTION (ADR)

The parties have not yet conducted any settlement discussions.

Plaintiff's Contentions

Plaintiff is amenable to using Central District Settlement Procedure No. 1 under Local Rule 16-15.4.

Rainbow's Contentions

Rainbow is amenable to using Central District Settlement Procedure No. 2 under Local Rule 16-15.4.

### P. TRIAL ESTIMATE

Plaintiff has requested a jury trial. The parties estimate the trial in this matter to last between 3-4 court days. Rainbow currently contemplates calling four witnesses at trial.

### Q. TRIAL COUNSEL

Plaintiff's Trial Counsel: Stephen M. Doniger, Scott A. Burroughs, and Trevor W. Barrett.

Rainbow's Trial Counsel: Eric D. Mason, Louis S. Ederer, Matthew T. Salzmann, and Laura W. Tejeda.

### R. INDEPENDENT EXPERT OR MASTER

The parties presently do not believe this case requires the Court to appoint a master pursuant to Rule 53 or an independent scientific expert.

WHEREUPON, Plaintiff Standard Fabrics International, Inc. and Defendant Rainbow USA, Inc., by and through their respective attorneys of record, hereby jointly submit this Joint Rule 26(f) Report.

Dated: December 2, 2015         By: /s/ Trevor W. Barrett
                                Scott A. Burroughs, Esq.
                                Trevor W. Barrett, Esq.
                                DONIGER /BURROUGHS
                                Attorneys for Plaintiff

Dated: December 2, 2015         By: /s/ Eric D. Mason
                                Eric D. Mason
                                Louis S. Ederer
                                Matthew T. Salzmann
                                Laura W. Tejeda
                                ARNOLD & PORTER LLP

                                Attorneys for Defendant Rainbow USA, Inc.

Pursuant to Civil L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.