ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* to be filed)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* to be filed)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1012
Facsimile: (212) 715-1399

*Attorneys for Intervenor-Defendant Louise Paris, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

STANDARD FABRICS INTERNATIONAL, INC., a California corporation,

Plaintiff,

v.

RAINBOW USA, INC., a New York corporation; MANGEL STORES, CORP., a New York business entity of form unknown; and DOES 1-10,

Defendants.

Case No.: 2:15-cv-08218-MWF-KS

Judge: Hon. Michael W. Fitzgerald

**MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE**

**Date: February 8, 2016**
**Time: 10:00 a.m.**
**Courtroom: Spring St - 1600**

## INTRODUCTION

Nonparty Louise Paris, Ltd. ("Louise Paris") moves the Court, pursuant to Fed. R. Civ. P. 24, to intervene in this action (the "California Action") in order to defend against Plaintiff Standard Fabrics International, Inc.'s ("Plaintiff" or "Standard Fabrics") copyright infringement allegations.

Louise Paris has a clear interest in this action. Plaintiff Standard Fabrics alleges that Defendant Rainbow USA, Inc. ( "Rainbow") sold garments bearing a fabric design that infringes its copyright.[1] Standard Fabrics further alleges that ten Defendant Does have infringed as well — including the party that supplied Rainbow with the garments at issue. *See* Ex.[2] 1 ¶ 7 (California Action Complaint). As Plaintiff and its counsel well know, Louise Paris is that supplier, as well as the designer of the garments. *See* Dkt. No. 19 at 6-7. In addition, as Plaintiff also knows, Louise Paris is indemnifying Rainbow with respect to Plaintiff's copyright infringement claims. *See* Dkt. No. 20. Indeed, prior to commencing this action, Standard Fabrics asserted the very same copyright infringement claims against Rainbow and Louise Paris in an action that has been pending in the Southern District of New York since April 2015. *See Louise Paris, Ltd. and Rainbow USA, Inc. v. Standard Fabrics Int'l, Inc.*, Case No. 1:15-cv-03250 (S.D.N.Y.) (the "New York Action").

As the designer and supplier of the garments at issue, Louise Paris is the real party in interest, and is in a unique position to defend against Standard Fabrics' infringement claims. Absent Louise Paris' involvement, Rainbow will be severely limited in its ability to gather and present evidence regarding, for example, the creation of the garments and the selection of fabric designs for use. In fact, Rainbow played no role in that process, but instead merely purchased garments from Louise Paris at wholesale.

---

[1] Defendant Mangel Stores, Corp. has not been served in this action.

[2] "Ex." refers to an Exhibit to the Declaration of Laura W. Tejeda, dated January 4, 2016.

Notably, this motion would not have been necessary if Standard Fabrics had fulfilled its promises to the Court. In its Complaint, Standard Fabrics promised the Court that it would amend that Complaint when it learned the identity of any Defendant Doe. *See* Ex. 1 ¶ 7 (California Action Complaint). Similarly, Standard Fabrics promised in the parties' Joint Rule 26(f) Report that, "[s]hould Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Design, Plaintiff will move to add such entities as parties to this action." *See* Dkt. No. 19 at 6. Oddly, this statement was made immediately prior to Rainbow's identification of Louise Paris as "Rainbow's supplier of the accused garment." *See id.* Despite these promises, however, Standard Fabrics has deliberately failed to add Louise Paris as a defendant in this action. Even if Standard Fabrics did not know that Louise Paris was the supplier of these garments at the time it commenced this action in October — which is highly doubtful given the parties' past litigation activity — Standard Fabrics is now well aware. To make matters worse, Standard Fabrics has refused to stipulate to Louise Paris' intervention.

In view of Louise Paris' clear interest in this action — an interest that only it can adequately protect — as well as the very early stage of this case, Louise Paris should be permitted to intervene as a matter of right, pursuant to Fed. R. Civ. P. 24(a). In the alternative, as there are common issues of law and fact between Louise Paris' defense and this action, Louise Paris should be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

As required by Fed. R. Civ. P. 24(c), a proposed Answer in Intervention is attached to this memorandum as Ex. 8.

## RELEVANT FACTS AND PROCEDURAL BACKGROUND

Louise Paris is a New York-based garment designer and supplier. Louise Paris sells garments at wholesale to retailers. Those retailers then sell the garments to the consuming public.

On April 7, 2015, Standard Fabrics sent cease and desist letters to Louise Paris and Rainbow alleging that they were selling garments bearing fabric designs that infringed a copyright owned by Standard Fabrics. *See* Ex. 2 ¶¶ 14-15 & Exhibits A-B (New York Complaint and accompanying exhibits). As a result, Louise Paris and Rainbow commenced an action in New York on April 24, 2015 seeking a declaratory judgment that they had not infringed Standard Fabrics' copyright. *See id.* ¶ 1 (New York Complaint). As discovery progressed in the New York Action, Louise Paris produced documents demonstrating its sales of the garments at issue in this action (the California Action) to Rainbow. *See* Exs. 3 & 4.

On October 20, 2015, prior to Louise Paris' production of any evidence demonstrating its sales of this garment to Rainbow, Standard Fabrics commenced this action (the California Action), alleging that Rainbow was selling garments bearing a fabric design that infringed its copyright. *See, e.g.*, Ex. 1 ¶¶ 12, 17, 21 (California Action Complaint). Notably, the fabric design at issue in the New York Action is the exact same fabric design as the fabric design at issue in the California Action. *Compare* Ex. 2, Exhibits A-B (Exhibits to the New York Action Complaint), *with* Ex. 1 ¶ 13 (California Action Complaint). In this action, Standard Fabrics also accused ten Defendant Does of infringement:

> Plaintiff is informed and believes and thereon alleges that Defendant DOES 1-10, inclusive, is a manufacturer, and/or a vendor (and/or agent or employee to a manufacturer or vendor) of garments to Defendant, which DOE Defendants have manufactured and/or supplied and are manufacturing and/or supplying fabrics and other product printed with Plaintiff's copyrighted designs (as hereinafter defined) without Plaintiff's knowledge or consent or have contributed to said infringement. The true names, whether corporate, individual or otherwise of Defendants Does 1-10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names and will seek leave to amend this complaint to show their true names and capacities when same have been ascertained.

*See* Ex. 1 ¶ 7 (California Action Complaint). Standard Fabrics made a similar promise in the parties' Joint Rule 26(f) Report:

> Should Defendants reveal in Initial Disclosures or discovery responses any garment manufacturers, vendors, or suppliers involved in the chain of alleged infringement of Plaintiff's Subject Design, Plaintiff will move to add such entities as parties to this action.

*See* Dkt. No. 19 at 6.

Standard Fabrics and its counsel are well aware that Louise Paris is the designer and supplier of the garments at issue in this action, and further that Louise Paris is indemnifying Rainbow with respect to Standard Fabrics' copyright infringement allegations. As Louise Paris' counsel pointed out to Standard Fabrics' counsel, Louise Paris produced documents in the New York Action demonstrating the sale of the garments at issue to Rainbow. *See* Ex. 5 (email from Ms. Tejeda to Mr. Barrett on Nov. 6, 2015); *see also* Exs. 3 & 4 (documents discussed in email). Indeed, immediately after Standard Fabrics made the abovementioned promise in the parties' Joint Rule 26(f) Report, Rainbow identified Louise Paris as "Rainbow's supplier of the accused garment." *See* Dkt. No. 19 at 6. Moreover, Rainbow's Amended Certificate and Notice of Interested Parties identifies Louise Paris as Rainbow's indemnitor. *See* Dkt. No. 20. Despite Standard Fabrics' repeated promises, however, it has taken no action to add Louise Paris as a defendant in this action.

In November and December 2015 Louise Paris' counsel corresponded with Standard Fabrics' counsel regarding the duplicative nature of the New York Action and the California Action. *See* Ex. 5. Indeed, Louise Paris' intention to file a motion to intervene was discussed in the parties Joint Rule 26(f) Report (*see* Dkt. No. 19 at 6-7), and at the parties' status conference with the Court held on December 21, 2015. Standard Fabrics' only substantive response has been to argue that, because "these documents [identifying Louise Paris as Rainbow's supplier of the accused garments] were not served until after the [California Action] case was filed . . . [t]here was no

timely prior notice provided." *See* Ex. 5 (email from Mr. Barrett to Ms. Tejeda on Nov. 6, 2015). On December 28, 2015, in accordance with Local Rule 7-3, Louise Paris' counsel asked to further meet and confer regarding Louise Paris' anticipate motion to intervene, at which point Standards Fabrics' counsel explicitly stated its intention to "oppose Louise Paris' proposed motion." *See* Ex. 6. In short, Standard Fabrics refuses to add Louise Paris as a defendant, to consent to Louise Paris' intervention, or to drop the duplicative California Action.

**LEGAL STANDARD**

Motions to intervene are governed by Rule 24 of the Federal Rules of Civil Procedure, which permits two types of intervention: intervention as of right and permissible intervention.

Pursuant to Rule 24(a), courts *must* permit a party to intervene who

> [o]n timely motion . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). Therefore, a motion based on Rule 24(a)(2) must meet the following four requirements:

> (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties.

*Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

Pursuant to Rule 24(b), courts may permit anyone to intervene who, "[o]n timely motion . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). In other words, as this Court has explained, an applicant for permissive intervention must show:

> (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common.

*Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 2 (C.D. Cal. Jan. 27, 2015) (Klausner, J.) (attached as Ex. 7) (quoting *Nw. Forest Res. Council v. Glickman*, 82 F.3d 825, 839 (9th Cir. 1996)). Further, courts considering motions for permissive intervention should consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In this Circuit, "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *Arakaki*, 324 F.3d at 1083. Courts weighing such a motion are "guided primarily by practical and equitable considerations." *Id.* As discussed below, Louise Paris should be entitled to intervene as of right, or by permission.

## ARGUMENT

### I. LOUISE PARIS IS ENTITLED TO INVENTION AS A RIGHT

Louise Paris meets each of the four requirements for intervention as a matter of right in this action.

*First*, this motion is timely. As discussed above, Standard Fabrics commenced this action on October 20, 2015. Louise Paris brings this motion two and a half months later, while the action is still at its most preliminary stage. Accordingly, there has been no delay, much less prejudicial delay. *See Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (attached as Ex. 7) (no delay considering "the stage of the proceeding ," "the prejudice to other parties," and "the reason for and length of the delay"); *Indus. Tech. Res. Inst. v. LG Elecs., Inc.*, No. 3:13-cv-02016, 2014 WL 5325709, at **2-3 (S.D. Cal. Oct. 17, 2014) ("The Court finds that a less than four month delay is a reasonable amount of time for LG Display to analyze the proceedings and prepare its motion, and thus does not weigh against timeliness."); *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 8:08-cv-626, 2008 WL 4326788, at *1 (C.D.

Cal. Sept. 22, 2008) ("The intervention is timely because the lawsuit is at an early stage.").

*Second*, Louise Paris has a significant protectable interest relating to the property or transaction that is the subject of the action. Specifically, as discussed, Rainbow is Louise Paris' direct customer for the garments at issue, and is being sued for alleged copyright infringement based on the sale of garments designed by and purchased from Louise Paris. Accordingly, Louise Paris has a direct interest in defending against such copyright allegations (which are unfounded), not to mention defending its customers against such allegations, particularly in light of Louise Paris' agreement to indemnify Rainbow in such circumstances. *See Indus. Tech.*, 2014 WL 5325709, at *3-4 (finding that manufacturer and indemnifier has a significantly protectable interest in the subject matter of this litigation); *Ancora*, 2008 WL 4326788, at *1 (same).

*Third*, there is no question that the disposition of the action may impair or impede Louise Paris' ability to protect its own interest. An adverse ruling in this action would not only impact Louise Paris' relationship with its customers and have financial repercussions given Louise Paris' agreement to indemnify Rainbow, but would also potentially impact Louise Paris' ability to defend itself in the New York Action. *See Indus. Tech.*, 2014 WL 5425709, at *4. Further, unless Louise Paris is permitted to intervene in this case, Rainbow will have to engage in extensive third-party discovery in order to obtain critical evidence regarding the conception and design of the garment at issue. In addition, there is no guaranty that Rainbow would succeed in obtaining all such information, or would be able to process it and use it effectively to defend against Standard Fabrics' claims. Therefore, disposing of this action in Louise Paris' absence would severely impair Louise Paris' ability to protect its own interest.

*Fourth*, Rainbow cannot possibly represent Louise Paris' interest adequately. The Ninth Court has emphasized that "[t]he burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate." *Arakaki*, 324

F.3d at 1086. As the designer and supplier of the garments at issue, Louise Paris has unique incentive to defend against Standard Fabrics' copyright infringement allegations, especially given that the same conduct is at issue in the New York Action. *See Ancora*, 2008 WL 4326788, at *1 ("Applicant's interest is not adequately represented by the existing Defendants because none has comparable expertise or incentive to defend Applicant's own software and technology."). Moreover, as the designer and supplier of the garments, Louise Paris has unique knowledge and is in possession of the evidence needed to support its defenses. *Cf. Indus. Tech.*, 2014 WL 5425708, at *4 ("In litigation against the buyer of a manufacturer's products, a manufacturer is 'uniquely situated to understand and defend its own product, its interest are not adequately represented by existing parties to the litigation.'" (citation omitted)).

## II. LOUISE PARIS IS ENTITLED TO PERMISSIVE INTERVENTION

In the alternative, even if Louise Paris does not meet the requirements for intervention of right — which it does — Louise Paris meets the three requirements for permissive intervention.

*First*, as this Court held in *Unicolors*, Louise Paris "seeks to assert its defense in response to Plaintiff's copyright claims, and federal question jurisdiction thus extends to that defense." *Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. at 3 (attached as Ex. 7).

*Second*, as discussed earlier, this motion is timely, and permitting Louise Paris to intervene would not prejudice Standard Fabrics anyway. *See supra* Section I.

*Third*, Louise Paris' defenses plainly have questions of law and fact in common with this action. Standard Fabrics alleges that Rainbow infringed its copyright by selling garments supplied by Louise Paris, and has made the very same claim against Louise Paris (and Rainbow) in the New York Action. Accordingly, Louise Paris merely seeks to defend this case in the same manner that it is defending against

Standard Fabrics' parallel copyright infringement allegations in the New York Action, and permissive intervention should be allowed.

**CONCLUSION**

For all the reasons described above, Louise Paris respectfully requests that the Court grant its motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). In the alternative, Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

Dated: January 4, 2016

ARNOLD & PORTER LLP

By: */s/ Eric D. Mason*

Eric D. Mason
Eric.Mason@aporter.com
Louis S. Ederer
Louis.Ederer@aporter.com
Matthew T. Salzmann
Matthew.Salzmann@aporter.com
Laura W. Tejeda
Laura.Tejeda@aporter.com

*Attorneys for Intervenor-Defendant Louise Paris, Ltd.*