Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone (310) 590-1820
Attorneys for Plaintiff Standard Fabrics International, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> RAINBOW USA, INC; *et al.* <br><br> Defendants. | Case No.: 15-cv-08218-MWF-KS <br> <u>Hon. Michael W. Fitzgerald Presiding</u> <br><br> **OPPOSITION TO NON-PARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE; DECLARATION OF TREVOR W. BARRETT, ESQ.** <br><br> Date:     February 5, 2016 <br> Time:    10:00 a.m. <br> Court:    Spring St - 1600 |

## I. INTRODUCTION AND STATEMENT OF FACTS

Non-party Louise Paris, Ltd. ("Louise Paris")'s motion to intervene should be denied in its entirety. Louise Paris has no good cause for intervention in this action. Louise Paris is adequately representing and defending its own interests in a prior action it filed in New York, including as to the goods at issue in this case, and Louise Paris has no significantly protectable interest in this case that is not already being defended in the prior case. Additionally, Rainbow USA, Inc., Louise Paris' only purported customer for the goods at issue is a party to this action and can adequately represent its own interests here. The motion must be denied.

On April 24, 2015, Louise Paris, Ltd ("Louise Paris") and Rainbow USA, Inc. ("Rainbow") pre-emptively filed the lawsuit *Louise Paris, Ltd. v. Standard Fabrics Int'l, Inc.,* No. 15-cv-03250 (S.D.N.Y.) ("*SFI I*"). Declaration of Trevor W. Barrett ("Barrett Decl."), ¶2. Standard Fabrics International, Inc. ("Standard") filed a counterclaim against Louise Paris and Rainbow in that action. In its counterclaims in *SFI I*, Standard alleged that Louise Paris manufactured and disseminated products bearing a design that infringes on Standard's registered copyright for a two-dimensional textile design (the "Subject Design").

In *SFI I*, Standard served discovery requests on Louise Paris seeking, *inter alia*, details concerning all product sold by Louise Paris bearing the allegedly infringing design at issue in *SFI I*, but Louise Paris' responses failed to identify the garments at issue in this action. Barrett Declaration, ¶3, Ex. 1. Two months after Louise Paris served its discovery responses in *SFI I*, and before Standard received any indication whatsoever that Louise Paris was Rainbow's vendor for the goods at issue in this action (see Dkt. No. 29, p.3 at 10-11), Standard filed the instant action against Rainbow and Mangel Stores Corp. for the sale of garments bearing a design infringing on the Subject Design, and affixed with labels identifying Mangel Stores Corp. as the source of the garments. See Dkt. No. 1; Barrett Decl.

¶5, Ex. 4. Mangel's involvement is still unknown, and was not disclosed by Louise Paris as an interested party in *SFI I*. Id.

Since, as detailed below, Louise Paris fails to prove that it is entitled to intervene in this action either as a matter of right or per this Court's discretion, and equitable considerations mandate that this action proceed without Louise Paris, the motion fails and should be denied in its entirety.

## II. LOUISE PARIS' MOTION MUST BE DENIED

### A. *Louise Paris fails to prove that intervention is appropriate.*

One who seeks to intervene as of right in a pending lawsuit must show that it has a "significantly protectable" interest relating to the property or transaction that is the subject of the action; it is so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and that it's interest would not be adequately represented by the existing parties in the lawsuit. *Northwest Forest Resource Council* ("*NFRC*") *v. Glickman,* 82 F.3d 825, 836 (9th Cir.1996). Rule 24(a)'s test is conjunctive; to merit intervention as of right, a prospective intervenor must satisfy each Rule 24(a) requirement. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997).

Additionally, Rule 24(b)(2) provides that the court may allow an absentee to intervene "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). But the court still retains "broad discretion" to deny a motion for permissive intervention. *Donnelly v. Glickman*, 159 F.3d 405, 412 (9th Cir. 1998). In exercising its discretion the court shall consider whether the intervention will prejudice the adjudication of the rights of the original parties. Fed. R.Civ.P. 24(b)(2).

The disposition of the instant action relates only to certain of Louise Paris' infringing garments that were unknown to Standard before the commencement of this action. Although there may be overlapping issues of fact and law in the two

cases at issue, Louise Paris' failure to promptly identify all product bearing the infringing design militates in favor of denying the motion.

And, Louise Paris' interests have been and will be adequately represented and protected in *SFI I* notwithstanding the disposition of this case. Louise Paris's intervention will further irreparably prejudice the complete adjudication of Standard's meritorious claims in this action. The motion must be denied.

> 1) *Louise Paris's concealment of its complete sales in violation of federal and local rules necessitated the filing of this action and weighs against allowing intervention.*

Louise Paris's motion should be denied because its own conduct necessitated the filing of this separate action. Louise Paris failed to timely disclose all of the infringing garments it sold to Rainbow as required by the Federal Rules of Civil Procedure. Specifically, Louise Paris failed to identify the garments at issue in this action in its discovery responses in *SFI I*, or in timely compliance with its good faith discovery obligations in that case. Because Louise Paris violated its duty to make these disclosures, instead electing to wait for several months and the filing of this action, Louise Paris is at fault for the necessitation of this action. Louise Paris's motion fails.

> a) *Louise Paris' concealment violated Fed. R. Civ. P. 26.*

Louise Paris's concealment of evidence of its sales of the garments at issue in this action to Rainbow is a plain violation of Fed. R. Civ. P. 26. As such, Louise Paris is the party that required the filing of this action and Louise Paris should not benefit from its misconduct.

Rule 26 provides in relevant part:

(e) Supplementing Disclosures and Responses.
(1) In General. A party who has made a disclosure under Rule 26(a)—
or who has responded to an interrogatory, request for production, or

> request for admission—*must supplement or correct its disclosure or response*:
> (A) *in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect*, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing;
> [...]

Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Louise Paris was aware of its sale of the garments at issue, but disregarded this mandate by failing to disclose the sale of these goods until after this action was filed.

Rewarding this conduct would irreparably prejudice Standard; this motion fails.

> *2)   Louise Paris does not have a significantly protectable interest relating to the property that is subject of this action.*

Louise Paris fails to prove that it has a significantly protectable interest relating to this action that would justify intervention. The motion fails.

"Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry." *Greene v. United States,* 996 F.2d 973, 976 (9th Cir.1993), citing *Portland Audubon Soc'y v. Hodel,* 866 F.2d 302, 308 (9th Cir.1989)). Review of a motion to intervene is guided primarily by "practical and equitable considerations." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810 (9th Cir. 2001), *citing Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir.1998). Consideration of all equitable and practical considerations discussed herein militates in favor of denying the motion.

The only interests that Louise Paris claims entitles it to intervention in this case are defending itself as the "designer" and supplier of the knock-off garments at issue and indemnitor to its customer for these garments. Dkt. No. 29, p. 8. But, Louise Paris is not a named defendant in this case. Therefore, the claims in each

case are different, there are no common issues of fact that would affect Louise Paris' interests, and Louise Paris' allegation of an independent interest in this case fails. Moreover, the supposed interest of Louise Paris to "defend itself" falls flat, in that Louise Paris is already defending itself in *SFI I* and its defenses in that case will in no way be affected by the instant case moving forward without it.

Louise Paris fails to prove that it has a significantly protectable interest in this case. The motion should be denied.

  *3) Disposition of this action will not impair Louise Paris from protecting its purported interests.*

Even if Louise Paris had a significantly protectable interest relating to the infringing property that is the subject of this action, the ultimate disposition of this action will not impair Louise Paris form protecting its purported interests.

Louise Paris has no other supposed rights in this case than those already being asserted in *SFI I*. Indeed, in that case Louise Paris has had over eight months in which to mount a defense and conduct all necessary discovery to defend itself as the "designer" and supplier of the garments at issue. Louise Paris simply cannot present any further defenses for itself and its customer that it hasn't already asserted in *SFI I*, and this case moving forward without Louise Paris cannot possibly impair Louise Paris (or its customer) from mounting an adequate defense to the same general claims asserted by Standard.

Moreover, *SFI I* is nearly concluded, and thus Louise Paris's interests will be clearly identified and in no way impaired by this case moving forward in the beginning stages without Louise Paris' involvement. Discovery in *SFI I* is already closed, and dispositive motions are due by February 2, 2016. Barrett Decl., ¶ 4, Ex. 2-3. In this case, the scheduling order issued less than a month ago, on December 21, 2015. Being that the extent of Louise Paris' individual liability for copyright infringement, if any, will be determined well in advance of any major deadlines in

this case, it is improper to allow Louise Paris to intervene here under the guise of having its interests impaired.

Since Louise Paris fails to prove that disposition of this action without its intervention will impair it from protecting its interests, it cannot intervene as a matter of right.

### 4) *Louise Paris's purported interests are adequately represented by the existing parties in this action.*

Louise Paris fails to make the requisite showing that the parties in this action will not adequately represent its interests. Therefore, Louise Paris cannot intervene as a matter of right.

The most important factor for assessing a motion for intervention as of right is "how the interest compares with the interest of existing parties," *Arakaki v. Cayetano,* 324 F.3d 1078, 1086 (9th Cir. 2003), because "[i]f an applicant for intervention and an existing party share the same ultimate objective, a presumption of adequacy of representation arises," *Citizens for Balanced Use v. Montana Wilderness Ass'n,* 647 F.3d 893, 898 (9th Cir. 2011). To rebut this presumption, the proposed intervenor must make a "compelling showing" of inadequacy. *Id.* (citing *Arakaki,* 324 F.3d at 1086). Louise Paris does not and cannot make such a showing.

Louise Paris alleges, "[a]s the designer and supplier of the garments at issue, Louise Paris has unique incentive to defend against Standard Fabrics' copyright infringement allegations, especially given that it is being sued for the same conduct in the New York Action." Dkt. No. 29, p. 8. But, there are no claims asserted against Louise Paris in this case, and should the case be tried, there would be no findings made against Louise Paris. Its only involvement is as a potential indemnitor for Rainbow. This is insufficient to satisfy the rule. Louise Paris'

customer –which is represented by Louise Paris's counsel,[1] has the ability to simply ask (or subpoena) Louise Paris for any information necessary to its defense, to the extent any claims or defenses remain after disposition of *SFI I*. The presumption of adequacy of representation exists here.

Furthermore, Louise Paris and Rainbow share the same ultimate objective in this case, and Louise Paris's interests potentially affected in this action have already been adequately represented in *SFI I*. Louise Paris' interests have already been fully represented in *SFI I*. And since Rainbow took no part in the creation of the Accused Product, its defenses will be wholly distinct from Louise Paris'. Thus, Louise Paris has no remaining interest in this action that isn't already being protected in *SFI I*. There is no justification for intervention.

Louise Paris fails to make the required "compelling showing" that its interests, if any, are not adequately represented in this case. Therefore, Louise Paris may not intervene as a matter of right.

### III. CONCLUSION

Louise Paris fails to establish that it should be granted leave to intervene, and its misconduct necessitated the multiple actions, and prejudiced Standard. Denial of this motion is proper.

Respectfully submitted,

DATED: January 15, 2016     By:     */s/ Scott A. Burroughs*
Trevor W. Barrett, Esq.
Scott A. Burroughs, Esq.
DONIGER / BURROUGHS
Attorneys for Plaintiff

---

[1] See Dkt. Nos. 11 and 29.

## DECLARATION OF TREVOR W. BARRETT

1. I am an attorney licensed to practice law in the state of California and admitted to practice before this Court. I am an associate attorney at attorney DONIGER / BURROUGHS, which represents Plaintiff Standard Fabrics International, Inc. ("Standard"), and I personally participated in the litigation of the above-referenced case. I have personal knowledge of the facts set forth in this declaration and if called upon to testify I could and would testify competently thereto.

2. On April 24, 2015, Louise Paris, Ltd ("Louise Paris") and Rainbow USA, Inc. ("Rainbow") pre-emptively filed the lawsuit *Louise Paris, Ltd. v. Standard Fabrics Int'l, Inc.,* No. 15-cv-03250 (S.D.N.Y.) ("*SFI I*"). Standard Fabrics International, Inc. ("Standard") filed a counterclaim against Louise Paris and Rainbow in that action. In its counterclaims in *SFI I*, Standard alleged that Louise Paris manufactured and disseminated products bearing a design that infringes on Standard's registered copyright for a two-dimensional textile design (the "Subject Design").

3. During the course of litigation and discovery in *SFI I*, Standard served discovery requests on Louise Paris seeking, *inter alia*, details concerning all product sold by Louise Paris bearing the allegedly infringing design at issue in *SFI I*, but Louise Paris' responses failed to identify the garments at issue in this action. Attached hereto as **Exhibit 1** is a true and correct copy of Louise Paris' responses to Standard's first set of interrogatories in *SFI I* highlighted in relevant part for the Court's convenience.

4. On July 10, 2015 the Court in *SFI I* entered its scheduling order for the case. Attached hereto as **Exhibit 2** is a true and correct copy of the Court's scheduling order. Discovery in *SFI I* closed on November 6, 2015. The Court in SFI I later extended the deadline for the filing of dispositive motions to February 2,

2016. Attached hereto as **Exhibit 3** is a true and correct copy of the endorsed memorandum extending the motion cut-off.

5.	In October, 2015 Standard filed the instant action against Rainbow and Mangel Stores Corp. for the sale of garments bearing a design infringing on the Subject Design, and affixed with labels identifying Mangel Stores Corp. as the source of the garments. These garments bore the Registration Identification or "RN" number "40531." Attached hereto as **Exhibit 4** are a true and correct image of a label affixed to one of the garments at issue in this action, and a true and correct copy of the RN search results for the number "40531" identifying Mangel Stores Corp. The search was conducted by inputting the RN number into the Federal Trade Commission's RN search tool available at: "https://rn.ftc.gov/pls/textilern/wrnquery$.startup". Mangel's involvement is still unknown, and was not disclosed by Louise Paris as an interested party in *SFI I*.

I declare under the penalty of perjury and the laws of the United States of America that the above is true and correct. Executed on January 15, 2016 in Venice, California.

By:	/s/ Trevor W. Barrett
	Trevor W. Barrett, Esq.
	Declarant