ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California  90017-5844
Telephone: (213) 243-4000
Facsimile:  (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* to be filed)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* to be filed)
Laura.Tejeda@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Telephone: (212) 715-1012
Facsimile:  (212) 715-1399

*Attorneys for Intervenor-Defendant*
*Louise Paris, Ltd.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>RAINBOW USA, INC., a New York corporation; MANGEL STORES, CORP., a New York business entity of form unknown; and DOES 1-10,<br><br>             Defendants. | Case No.: 2:15-cv-08218-MWF-KS<br><br>Judge: Hon. Michael W. Fitzgerald<br><br>**REPLY MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE**<br><br>**Date: February 5, 2016**<br>**Time: 10:00 a.m.**<br>**Courtroom: Spring St - 1600** |

Standard Fabrics' opposition brief makes no serious effort to rebut Louise Paris' arguments in support of its motion to intervene. Nor does Standard Fabrics identify any prejudice that it will suffer should the Court grant Louise Paris' motion. Rather, Standard Fabrics primarily bases its opposition on irrelevant — and unfounded — accusations of discovery misconduct in a separate action. The Court should reject this blatant attempt at misdirection.

The following undisputed facts are what is relevant to this motion. Louise Paris designed the garment at issue and supplied that garment to Defendant Rainbow for sale to consumers.[1] In two separate actions, Standard Fabrics is now asserting against Louise Paris and Rainbow (in the New York Action) and against Rainbow alone (in this action, the California Action) "the same general claims" (Opp'n[2] at 6) of copyright infringement relating to the fabric design used on the Louise Paris-designed garment. A finding of infringement in *either* action would harm Louise Paris' ability to sell this garment, its relationship with its customers, and its finances given its indemnification obligations to Rainbow. However, Rainbow and Louise Paris will advance "*wholly distinct*" defenses to Standard Fabrics' infringement claims, since Rainbow "took no part in the creation of the" garment at issue. *See* Opp'n at 8 (emphasis added). This Court will not have the opportunity to consider Louise Paris' defenses unless it is permitted to intervene.

Accordingly, Louise Paris respectfully requests that its motion to intervene be granted as a matter of right, pursuant to Fed. R. Civ. P. 24(a), so that it may protect its interest in this action, which would not otherwise be adequately protected. Alternatively, in view of the clear "overlapping issues of fact and law" between this action and Louise Paris' defenses (*see* Opp'n at 3-4), Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

---

[1] Defendant Mangel Stores, Corp. has not been served in this action.

[2] "Opp'n" refers to Standard Fabrics' Opposition to Non-Party Louise Paris, Ltd.'s Motion to Intervene, Dkt. No. 32.

## I. STANDARD FABRICS HAS NOT REBUTTED LOUISE PARIS' SHOWING THAT IT IS ENTITLED TO INVERVENTION AS A RIGHT

Although Standard Fabrics does not dispute this motion's timeliness, it purports to raise issues with respect to the other three requirements for intervention as a matter of right: (i) Louise Paris must have "a significantly protectable interest relating to the property or transaction that is the subject of the action"; (ii) "disposition of the action may impair or impede the [Louise Paris'] ability to protect that interest"; and (iii) Louise Paris' "interest must not be adequately represented by existing parties." *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). Putting aside the fact that Standard Fabrics entirely fails to identify any prejudice that it might suffer should Louise Paris' motion be granted (other than conclusory statements of prejudice), Standard Fabrics' arguments are legally insufficient.

*First*, Standard Fabrics argues — without any legal support — that Louise Paris has no protectable interest at issue in this case because "Louise Paris is not a named defendant in this case." Opp'n at 5. Of course Louise Paris not a named defendant in this action — that is why it is moving to intervene. If this argument were sufficient, then intervention would *never* be permitted. Rather, as Louise Paris explained in its opening brief, Louise Paris has a direct interest in protecting its garment and its indemnified customers from Standard Fabrics' copyright infringement allegations. *See* Mot.[3] at 7 (citing *Indus. Tech. Res. Inst. v. LG Elecs., Inc.*, No. 3:13-cv-02016, 2014 WL 5325709, at *3-4 (S.D. Cal. Oct. 17, 2014) and *Ancora Techs., Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 8:08-cv-626, 2008 WL 4326788, at *1 (C.D. Cal. Sept. 22, 2008)). Standard Fabrics entirely ignores Louise Paris' arguments and case citations on this issue.

---

[3] "Mot." refers to Nonparty Louise Paris' Memorandum in Support of Nonparty Louise Paris, Ltd.'s Motion to Intervene, Dkt. No. 29.

*Second*, Standard Fabrics argues — again without any legal support — that Louise Paris' ability to protect its interests would not be impaired by disposition of this action without its involvement, because Louise Paris is already defending itself in the New York Action, where the court is scheduled to hear dispositive motions before any such motions are scheduled to be heard in this action. *See* Opp'n at 6-7. But this Court cannot consider arguments that it never hears. Indeed, Standard Fabrics concedes that Rainbow and Louise Paris will be advancing "wholly distinct" defenses since Rainbow "took no part in the creation of the" garment at issue. *See* Opp'n at 8; *see also* Mot. at 7 (Louise Paris possesses "critical evidence regarding the conception and design of the garment at issue"). Moreover, there is no guaranty that the court in the New York Action will decide dispositive motions prior to this Court's consideration of the merits, as schedules may change and there is no predicting the length of time that the New York court will require to reach a decision. In fact, the court in the New York Action could decide that factual questions exist and decline to settle any questions of liability prior to trial. Regardless, a party should not be denied the ability to protect its interests because hypothetical future events might render it unnecessary — courts need only find that "disposition of the action <u>may</u> impair or impede the party's ability to protect [its] interest," and "Rule 24 traditionally receives liberal construction in favor of applicants for intervention." *See Arakaki*, 324 F.3d at 1083 (emphasis added).

*Third*, Standard Fabrics argues that Louise Paris' interests are adequately represented by Rainbow because Louise Paris and Rainbow "share the same ultimate objective" and Louise Paris has allegedly not made a compelling showing that its interests differ from those of Rainbow. Opp'n at 7-8. To the contrary, Louise Paris and Rainbow plainly have different interests and objectives in this action — while Louise Paris wants to protect itself and all of its customers, Rainbow presumably only cares about protecting itself (regardless of whether it is harming Louise Paris or its other customers in the process). Indeed, Standard Fabrics concedes that Rainbow's

- 3 -

REPLY MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE

"defenses will be wholly distinct from Louise Paris'" because Rainbow "took no part in the creation of the" garment at issue. Opp'n at 8. Accordingly, Louise Paris cited cases in its opening brief — which Standard Fabrics ignores — supporting the proposition that this element is satisfied because, as the designer and supplier of the garments, Louise Paris has unique knowledge, access to evidence, and a greater incentive to defend against Standard Fabrics' infringement allegations. *See* Mot. at 7-8 (citing *Ancora*, 2008 WL 4326788, at *1 and *Indus. Tech.*, 2014 WL 5425708, at *4). This showing is more than sufficient to meet Louise Paris' "minimal" burden of demonstrating that "representation of [Louise Paris'] interest 'may be' inadequate." *Arakaki*, 324 F.3d at 1086.

For the reasons described above, Louise Paris' motion to intervene as a matter of right should be granted.

## II. STANDARD FABRICS EFFECTIVELY CONCEDES THAT LOUISE PARIS SHOULD BE ENTITLED TO PERMISSIVE INVERVENTION

Although Standard Fabrics does not directly address the question of permissive intervention, its opposition brief effectively concedes the point. Standard Fabrics does not dispute the timely nature of this motion or that there are independent grounds for jurisdiction. Standard Fabrics concedes that Louise Paris' defenses and this action have "overlapping issues of fact and law" (*see* Opp'n at 3-4), which is not surprising since it also admits that its infringement claims with respect to Rainbow and Louise Paris in the two actions are "the same general claims" (Opp'n at 6). Lastly, other than conclusory allegations of prejudice (*see* Opp'n at 4, 5, 8), Standard Fabrics has *not* argued that "intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

This Court granted a motion to intervene in almost identical circumstances in *Unicolors, Inc. v. Macy's Inc.*, No. 2:14-cv-08611, slip op. (Klausner, J.) (attached as Ex. 7 to Tejeda Decl. in Supp. of Mot.). It should grant Louise Paris' motion for permissive intervention as well.

- 4 -

### III. STANDARD FABRICS' DISCUSSION OF DISCOVERY IN ANOTHER ACTION IS IRRELEVANT TO LOUISE PARIS' MOTION TO INTERVENE

Standard Fabrics devotes almost half of its opposition brief to a smear campaign alleging that Louise Paris "concealed" the fact that Rainbow obtained the garments at issue from Louise Paris. *See* Opp'n 2-5. Beside the fact that these allegations are absolutely false, they are irrelevant to Louise Paris' motion to intervene. There are clear standards that govern consideration of motions to intervene and — as explained above and in Louise Paris' opening brief — Louise Paris' motion meets those standards. Standard Fabrics does not and cannot point to any case law indicating that discovery in another action is relevant to a motion to intervene in this action.

Although it is not relevant to this motion, Louise Paris wishes to emphasize that it has never "concealed" the fact that it sold the garment at issue to Rainbow. Louise Paris has sold tens of thousands of different styles of garments to many different retailers. Declaration of Serkan Ozgun ("Ozgun Decl.") ¶ 4 (attached). Each style of garment may be sold in many different versions, each bearing a different fabric design. *Id.* at ¶ 5. Although Louise Paris retains records regarding garments offered and sold, these records are not stored in a manner that is electronically searchable by fabric design. *Id.* at ¶¶ 6-7. Rather, Louise Paris' records are only electronically searchable by the style number of a particular garment. *Id.* at ¶ 6. Accordingly, identifying all documents and information related to a particular fabric design — *i.e.*, the fabric design at issue on the garment in this case — simply is not possible without first identifying the style number of an accused garment. *Id.* at ¶ 8. As such, Louise Paris can only identify relevant garments after being provided with the style number of an accused garment.

Here, Louise Paris was not originally aware of its sales of the accused garment to Rainbow, but once it was provided with the styles numbers at issue, it produced the relevant documents and information to Standard Fabrics within the discovery period of the New York Action. *Id.* at ¶¶ 11-12; *see* Mot. at 4 (discussing the production of

these documents and citing the documents as exhibits); Barrett Decl. in Opp'n to Mot. ¶ 4, Ex. 2 (close of discovery in the New York Action was November 6, 2015); Tejeda Decl. in Supp. of Mot., Ex. 5 (discussing documents already produced on November 2 and 6, 2015). Before bringing this motion, Louise Paris' counsel emphasized that Louise Paris was "Rainbow's supplier of the accused garment" (Dkt. No. 19 at 6), but Standard Fabrics refused to consent to intervention. *See* Mot. at 4-5 (citing Tejeda Decl. in Supp. of Mot., Exs. 5, 6).[4]

Standard Fabrics complains that Louise Paris did not timely produce documents in the New York Action regarding the sale of the garment at issue to Rainbow, because those documents were not produced until after Standard Fabrics commenced this action. *See* Opp'n at 4-5. Even if those documents were produced in an untimely manner in the New York Action, however, that fact is entirely irrelevant to Louise Paris' motion to intervene in this action (the California Action). Standard Fabrics cites no legal support for the proposition that a document production in another case is relevant to a motion to intervene in this case.

Moreover, as discussed above, Louise Paris produced the relevant documents in the New York Action in a timely manner. Not only were the documents produced prior to the close of discovery, but they were produced shortly after Louise Paris became aware of its sale of the garment at issue to Rainbow. Of course, Louise Paris could not have produced documents earlier than the time it discovered them.

In sum, Standard Fabrics' complaints about Louise Paris' discovery practices in the New York Action are not valid, much less relevant to Louise Paris' motion to intervene in this action (the California Action). All that matters to this motion is the standard for a motion to intervene. Here, that standard has been met.

---

[4] Prior to bringing this motion, Louise Paris' and Rainbow's counsel also emphasized that "[n]either Louise Paris nor Rainbow have any knowledge as to who [Defendant] Mangel Stores is." Tejeda Decl. in Supp. of Mot., Ex. 5.

- 6 -

REPLY MEMORANDUM IN SUPPORT OF NONPARTY LOUISE PARIS, LTD.'S MOTION TO INTERVENE

## **CONCLUSION**

For all the reasons described above and in Louise Paris' opening brief, Louise Paris respectfully requests that the Court grant its motion to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). In the alternative, Louise Paris respectfully requests that it be permitted to intervene pursuant to Fed. R. Civ. P. 24(b).

Dated: January 22, 2016                    ARNOLD & PORTER LLP

By: */s/ Eric D. Mason*
Eric D. Mason
Eric.Mason@aporter.com
Louis S. Ederer
Louis.Ederer@aporter.com
Matthew T. Salzmann
Matthew.Salzmann@aporter.com
Laura W. Tejeda
Laura.Tejeda@aporter.com

*Attorneys for Intervenor
Louise Paris, Ltd.*