ERIC D. MASON (State Bar No. 259233)
Eric.Mason@aporter.com
ARNOLD & PORTER Louise Paris
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

LOUIS S. EDERER (*Pro Hac Vice* to be filed)
Louis.Ederer@aporter.com
MATTHEW T. SALZMANN (*Pro Hac Vice* to be filed)
Matthew.Salzmann@aporter.com
LAURA W. TEJEDA (*Pro Hac Vice* to be filed)
Laura.Tejeda@aporter.com
ARNOLD & PORTER Louise Paris
399 Park Avenue
New York, New York 10022
Telephone: (212) 715-1000
Facsimile: (212) 715-1399

*Attorneys for Intervenor-Defendant*
*Louise Paris, Ltd.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STANDARD FABRICS INTERNATIONAL, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAINBOW USA, INC., a New York corporation; MANGEL STORES, CORP., a New York business entity of form unknown; and DOES 1-10,<br><br>Defendants, and<br><br>LOUISE PARIS, LTD., a New York corporation,<br><br>Intervenor-Defendant. | Case No.: 2:15-cv-08218-MWF-KS<br><br>Judge: Hon. Michael W. Fitzgerald<br><br>**INTERVENOR-DEFENDANT LOUISE PARIS, LTD.'S ANSWER IN INTERVENTION AND AFFIRMATIVE DEFENSES TO COMPLAINT** |

Intervenor-Defendant Louise Paris, Ltd. ("Louise Paris"), through its undersigned attorneys, hereby answers Plaintiff Standard Fabrics International, Inc. ("Plaintiff")'s Complaint as follows:

## JURISDICTION AND VENUE

1. In response to paragraph 1 of the Complaint, Louise Paris admits that Plaintiff's claims are based on alleged violations of the Copyright Act, but denies the merits of such claims.

2. In response to paragraph 2 of the Complaint, Louise Paris denies that this Court has federal question jurisdiction under 28 U.S.C. § 1338(b), as Plaintiff has not asserted any claim for unfair competition in this action, but admits that this Court has subject matter jurisdiction over the claims asserted against it in this action, and denies the merits of such claims.

3. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint and, therefore, denies the same.

## THE PARTIES

4. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4 of the Complaint and, therefore, denies the same.

5. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint and, therefore, denies the same.

6. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Complaint and, therefore, denies the same.

7. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Complaint and, therefore, denies the same.

8. Louise Paris denies the allegations of paragraph 8 of the Complaint.

## CLAIMS RELATED TO DESIGN NO. 7851

9. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Complaint and, therefore, denies the same.

10. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10 of the Complaint and, therefore, denies the same.

11. Louise Paris is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Complaint and, therefore, denies the same.

12. In response to paragraph 12 of the Complaint, Louise Paris admits that it supplied the garments identified in paragraph 12 to Rainbow USA, Inc. ("Rainbow"), but otherwise denies all of the allegations contained therein.

13. Louise Paris is without knowledge or information sufficient to form a belief as to whether the image of the "Subject Design" is a true and correct image of the design allegedly created by Plaintiff, or whether the image of the "Sample Infringing Product" is a true and correct image of a garment allegedly sold by Rainbow under SKU 002-080-2260 or 002-081-0833, or otherwise, and, therefore, denies the same.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants)

14. Louise Paris restates and incorporates by reference its responses to paragraphs 1 through 13 above, as if fully set forth herein.

15. Louise Paris denies the allegations of paragraph 15 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

16. Louise Paris admits that it is a garment vendor, and has supplied

Rainbow with garments, including the accused garments at issue in this action. Louise Paris denies the remaining allegations of paragraph 16 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

17. Louise Paris denies the allegations of paragraph 17 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

18. Louise Paris denies the allegations of paragraph 18 of the Complaint.

19. Louise Paris denies the allegations of paragraph 19 of the Complaint.

20. Louise Paris denies the allegations of paragraph 20 of the Complaint.

21. Louise Paris denies the allegations of paragraph 21 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement -

Against All Defendants)

22. Louise Paris restates and incorporates by reference its responses to paragraphs 1 through 21 above, as if fully set forth herein.

23. Louise Paris denies the allegations of paragraph 23 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

24. Louise Paris denies the allegations of paragraph 24 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the truth of the allegations as to the other Defendants and, therefore, denies the same.

25. Louise Paris denies the allegations of paragraph 25 of the Complaint.

26. Louise Paris denies the allegations of paragraph 26 of the Complaint.

27. Louise Paris denies the allegations of paragraph 27 of the Complaint as to itself, and is without knowledge or information sufficient to form a belief as to the

truth of the allegations as to the other Defendants and, therefore, denies the same.

## AFFIRMATIVE DEFENSES

By and for its affirmative defenses, Louise Paris states as follows:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, and the claims for relief therein, fails to allege facts sufficient to state a claim for relief against Louise Paris, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

## SECOND AFFIRMATIVE DEFENSE

Louise Paris is informed and believe, and on that basis allege, that the Complaint, and the purported claims for relief contained therein, is barred (in whole or in part) by Plaintiff's fraud and/or deception in the copyright registration process (which, upon information and belief, includes, among other things, misrepresenting to the U.S. Copyright Office that it is the owner of the Subject Design, and that the Subject Design is an original work of authorship), for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## THIRD AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred (in whole or in part) because of its anti-competitive intent and conduct, its misuse of its purported copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of release, waiver, and/or estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred (in whole or in part) by the doctrine of acquiescence.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim are barred because Plaintiff has failed to assert ownership of and identify valid copyrights.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff's purported copyrights and/or copyright registrations are invalid, void and unenforceable. Among other things, Louise Paris contends that a reasonable opportunity for further investigation or discovery is likely to provide evidentiary support for one or more of the following:

(a) the registration for the purported copyright is a collection or compilation registration that contains material that is not original and/or protectable as a matter of law;

(b) the registration for the purported copyright is a collection or compilation registration that contains material originally developed by persons or entities other than Plaintiff; and/or

(c) the registration for the purported copyright is a collection or compilation registration that contains material found in the public domain.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to bring the claims asserted in the Complaint because, among other things, Plaintiff is not the owner of the Subject Design.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because the Subject Design is not an original work of authorship and thus is not entitled to copyright protection.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prevail on its claims against Louise Paris because Louise Paris did not have access to the Subject Design.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prevail on its claims against Louise Paris because the Infringing Products are not substantially similar in overall appearance to the Subject Design.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff cannot prevail on its claims against Louise Paris because to the extent Plaintiff may be entitled to any copyright protection in the Subject Design, such protection is extremely thin, and Plaintiff will not be able to establish infringement under the principles governing thin copyrights.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Louise Paris infringed any copyright interest purportedly held by Plaintiff relating to the Subject Design, which it denies, it did so with innocent intent.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred (in whole or in part) by its failure to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff has not sustained any injury or damage as a result of any act or conduct of Louise Paris with respect to the Subject Design.

**NINETEENTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred because it has failed to join indispensable parties, including without limitation, others claiming ownership of or other interests in the purported copyright in the Subject Design, all of whom

who are necessary for a complete and full adjudication of Plaintiff's claims, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

### TWENTIETH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's claims are barred by the doctrine of consent, in that Plaintiff consented to the acts it now complains of, as evidenced by, among other things, its purposeful distribution of copies of the Subject Design into the public domain, and deliberate allowance of such designs to be copied freely outside the United States.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by the *scenes a faire* and/or merger doctrine, in that, among other things, the Subject Design is ordinary, commonplace, or standard in the relevant art or industry.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's purported damages are subject to apportionment — if Plaintiff is entitled to any damages, which it is not, it is only entitled to recover Louise Paris' profits attributable to the particular complained-of textile print, not the entirety of its profit from the sale of Infringing Products.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Louise Paris reserves the right to allege additional affirmative defenses as they may become known, and to amend this Answer accordingly.

### PRAYER FOR RELIEF

WHEREFORE, Louise Paris pray for judgment as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing from Louise Paris by virtue of its Complaint;

2. That judgment be entered in favor of Louise Paris, and against Plaintiff;

3. That Louise Paris be awarded its costs of suit and reasonable attorneys' fees incurred herein; and

4. For such other and further relief as this Court may deem just and proper.

Dated: February 10, 2016

ARNOLD & PORTER

By: */s/ Eric D. Mason*
ERIC D. MASON
LOUIS S. EDERER
MATTHEW T. SALZMANN
LAURA W. TEJEDA

*Attorneys for Intervenor-Defendant Louise Paris, Ltd.*